IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 3:04-cr-126-HRH |
| | ) | |
| Plaintiff, | ) | **FINAL DECREE OF FORFEITURE** |
| v. | ) | |
| | ) | |
| LAMPHONE SANOUVONG, | ) | |
| KHONESAVANH THINOI, | ) | |
| RUNGSEE MUANGKEO, | ) | |
| MAYUREE MUANGKEO, | ) | |
| MONTHREE UDOMSIN, | ) | |
| KARRY CHINDARAK, | ) | |
| JANNIE KEOMANY, and | ) | |
| BOUNLAY CHITPASEUTH, | ) | |
| | ) | |
| Defendants. | ) | |

On April 26, 2005, defendant LAMPHONE SANOUVONG entered into a Plea Agreement by which she pled guilty to Counts 1, 49, 50, and 51 of the First Superseding Indictment in this case.  Upon the Court's acceptance of the defendant's guilty pleas, the Court found that the defendant's interest, if any, in the $119,000.00 IN UNITED STATES CURRENCY described in Count 49, the $76,000.00 IN UNITED STATES CURRENCY described in Count 50, and the $15,593.00 IN UNITED STATES CURRENCY described in Count 51, is property used in violation of the provisions of 18 U.S.C. § 1955, pursuant to 18 U.S.C. § 1955(d) and 28 U.S.C. § 2461(c), and property, real or personal, which constitutes or is derived from proceeds traceable to an offense constituting "specified unlawful activity", as defined in 18 U.S.C. § 1956(c)(7), or a conspiracy to commit such

an offense, thereby rendering such currency subject to forfeiture under 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

AND WHEREAS, on May 26, 2005, this Court entered a Preliminary Order of Forfeiture forfeiting all of the right, title and interest of defendant LAMPHONE SANOUVONG in the currency described in Counts 49, 50, and 51 of the First Superseding Indictment.

AND WHEREAS, on April 11, 2005, defendant KHONESAVANH THINOI entered into a Plea Agreement by which he pled guilty to Counts 52 and 53 of the First Superseding Indictment in this case and Counts 1 and 2 of the Information in Case No. 3:05-cr-029-HRH. Upon the Court's acceptance of the defendant's guilty pleas, the Court found that the defendant's interest, if any, in the $4,643.00 IN UNITED STATES CURRENCY described in Count 52, and the $5,281.00 IN UNITED STATES CURRENCY described in Count 53, is property constituting gambling proceeds, in violation of 18 U.S.C. § 1084, thereby rendering such currency subject to forfeiture under 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

AND WHEREAS, on May 2, 2005, this Court entered a Preliminary Order of Forfeiture forfeiting all of the right, title and interest of defendant KHONESAVANH THINOI in the currency described in Counts 52 and 53 of the First Superseding Indictment.

AND WHEREAS, on April 11, 2005, defendant RUNGSEE MUANGKEO entered into a Plea Agreement by which he pled guilty to Counts 55 and 56 of the First Superseding Indictment in this case and Counts

1 and 2 of the Information in Case No. 3:05-cr-028-HRH. Upon the Court's acceptance of the defendant's guilty pleas, the Court found that the defendant's interest, if any, in the $140,000.00 in substitute res for the real property located at 3617 Challenger Circle, Anchorage, described in Count 55, and the 2003 Mazda MPV, described in Count 56, is property constituting gambling proceeds, in violation of 18 U.S.C. § 1084, thereby rendering such currency subject to forfeiture under 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

AND WHEREAS, on April 27, 2005, this Court entered a Preliminary Order of Forfeiture forfeiting all of the right, title and interest of defendant RUNGSEE MUANGKEO in the $140,000.00 in substitute res described in the Preliminary Order of Forfeiture.

AND WHEREAS, on April 11, 2005, defendant MAYUREE MUANGKEO entered into a Plea Agreement by which she pled guilty to Counts 55 and 56 of the First Superseding Indictment in this case and Counts 1 and 2 of the Information in Case No. 3:05-cr-028-HRH. Upon the Court's acceptance of the defendant's guilty pleas, the Court found that the defendant's interest, if any, in the $140,000.00 in substitute res for the real property located at 3617 Challenger Circle, Anchorage, described in Count 55, and the 2003 Mazda MPV, described in Count 56, is property constituting gambling proceeds, in violation of 18 U.S.C. § 1084, thereby rendering such currency subject to forfeiture under 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C.

§ 2461(c).

AND WHEREAS, on April 27, 2005, this Court entered a Preliminary Order of Forfeiture forfeiting all of the right, title and interest of defendant MAYUREE MUANGKEO in the $140,000.00 in substitute res described in the Preliminary Order of Forfeiture.

AND WHEREAS, on April 11, 2005, defendant MONTHREE UDOMSIN entered into a Plea Agreement by which he pled guilty to Count 48 of the First Superseding Indictment in this case and Counts 1 and 2 of the Information in Case No. 3:05-cr-027-HRH. Upon the Court's acceptance of the defendant's guilty pleas, the Court found that the defendant's interest, if any, in the $31,075.00 IN UNITED STATES CURRENCY described in Count 48, is property constituting gambling proceeds, in violation of 18 U.S.C. § 1084, thereby rendering such currency subject to forfeiture under 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

AND WHEREAS, on April 25, 2005, this Court entered a Preliminary Order of Forfeiture forfeiting all of the right, title and interest of defendant MONTHREE UDOMSIN in the currency described in Count 48.

On April 13, 2005, defendant KARRY CHINDARAK entered into a Plea Agreement by which he pled guilty to Counts 1 and 47 of the First Superseding Indictment in this case. Upon the Court's acceptance of the defendant's guilty pleas, the Court found that the defendant's interest, if any, in the $15,718.27 IN UNITED

STATES CURRENCY described in Count 47, is property used in violation of the provisions of 18 U.S.C. § 1955, pursuant to 18 U.S.C. § 1955(d) and 28 U.S.C. § 2461(c), and property, real or personal, which constitutes or is derived from proceeds traceable to an offense constituting "specified unlawful activity", as defined in 18 U.S.C. § 1956(c)(7), or a conspiracy to commit such an offense, thereby rendering such currency subject to forfeiture under 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

AND WHEREAS, on May 5, 2005, this Court entered a Preliminary Order of Forfeiture forfeiting all of the right, title and interest of defendant KARRY CHINDARAK in the currency described in Count 47 of the First Superseding Indictment.

On April 25, 2005, defendant JANNIE KEOMANY entered into a Plea Agreement by which she pled guilty to Counts 1 and 47 of the First Superseding Indictment in this case. Upon the Court's acceptance of the defendant's guilty pleas, the Court found that the defendant's interest, if any, in the $15,718.27 IN UNITED STATES CURRENCY described in Count 47, is property used in violation of the provisions of 18 U.S.C. § 1955, pursuant to 18 U.S.C. § 1955(d) and 28 U.S.C. § 2461(c), and property, real or personal, which constitutes or is derived from proceeds traceable to an offense constituting "specified unlawful activity", as defined in 18 U.S.C. § 1956(c)(7), or a conspiracy to commit such an offense, thereby rendering such currency subject to forfeiture

under 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

AND WHEREAS, on May 2, 2005, this Court entered a Preliminary Order of Forfeiture forfeiting all of the right, title and interest of defendant JANNIE KEOMANY in the currency described in Count 47 of the First Superseding Indictment.

AND WHEREAS, on April 14, 2005, defendant BOUNLAY CHITPASEUTH entered into a Plea Agreement by which he pled guilty to Count 54 of the First Superseding Indictment in this case and Counts 1 and 2 of the Information in Case No. 3:05-cr-034-HRH. Upon the Court's acceptance of the defendant's guilty pleas, the Court found that the defendant's interest, if any, in the $29,660.00 IN UNITED STATES CURRENCY described in Count 54, is property constituting gambling proceeds, in violation of 18 U.S.C. § 1084, thereby rendering such currency subject to forfeiture under 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

AND WHEREAS, on April 28, 2005, this Court entered a Preliminary Order of Forfeiture forfeiting all of the right, title and interest of defendant BOUNLAY CHITPASEUTH in the currency described in Count 54.

AND WHEREAS, the United States Marshals Service directed written notice of all eight of the Preliminary Orders of Forfeiture issued in this case to the following persons known to have alleged an interest in the subject currency:

    a.   Lamphone Sanouvong (via counsel, Hugh W. Fleischer) served on June 13, 2005 (docket 323);

b.  Vonglachit Khanthavong (via counsel, T. Burke Wonnell) served on June 13, 2005 (docket 327);
c.  Khonesavanh Thinoi (via counsel, Randall S. Cavanaugh) served on June 13, 2005 (docket 328);
d.  Rungsee Muangkeo (via counsel, Kevin McCoy) served on June 13, 2005 (docket 329);
e.  Mayuree Muangkeo (via counsel, William D. English) served on June 13, 2005 (docket 330);
f.  Daniel Nasunin (via counsel, Henry E. Graper, III) served on June 13, 2005 (docket 331);
g.  Phattra Nasunin (via counsel, John M. Murtagh) served on June 13, 2005 (docket 332);
h.  Monthree Udomsin (via counsel, David R. Weber) served on June 14, 2005 (docket 333);
i.  Karry Chindarak (via counsel, Lance C. Wells) served on June 13, 2005 (docket 334);
j.  Jannie Keomany (via counsel, William Frederick Dewey) served on June 13, 2005 (docket 335);
k.  Chansuda Powers (via counsel, Ronald A. Offret) served on June 14, 2005 (docket 336);
l.  Parin Suksumek (via counsel, Mark D. Osterman) served on June 13, 2005 (docket 337);
m.  Bounlay Chitpaseuth (via counsel, Scott A. Sterling) served on June 13, 2005 (docket 338);
n.  Somyos Suksanguan (via counsel, William B. Carey) served on June 13, 2005 (docket 339);
o.  Montakarn Jones (via counsel, Joe P. Josephson) served on June 13, 2005 (docket 326);
p.  Richard Manivong served on August 13, 2005 (docket 402);
q.  Khamkeo Khamleu (via counsel, Charles Coe) served on August 12, 2005 (docket 405);
r.  Sounthorn Chitpaseuth on March 15, 2006;
s.  Khamphanh Chitpaseuth served on August 15, 2005 (docket 409);
t.  Saypana Phoumychith on March 15, 2006 and March 25, 2006;
u.  Emmanuel Eduarte on March 18, 2006;
v.  Soonatree Kintz served on August 12, 2005 (docket 404);
w.  Mayura Vongmongkoz served on August 12, 2005 (docket 407);
x.  Hung Seng Muangkeo served on August 12, 2005 (docket 406);
y.  Inpanh F. Boutsomsi served on August 15, 2005 (docket 408);
z.  Wells Fargo Bank, Jim Page served on August 13, 2005 (docket 403);

        aa.    First National Bank Alaska, Don Krohn served on August 12, 2005 (docket 401).

AND WHEREAS, on June 12, 19, and 26, 2005, the United States Marshals Service published, in the Anchorage Daily News, a newspaper of general circulation, notice of the Preliminary Order of Forfeiture and of the intent of the United States to dispose of the property in accordance with the law, and further notifying all third parties of their right to petition the Court within 30 days of the publication date for a hearing to adjudicate the validity of their alleged legal interest in said currency.

AND WHEREAS, on July 26, 2005, Steven J. Priddle filed a Petition for Hearing Adjudicating Verified Claim with regard to the above-described currency. The following day, on July 27, 2005, Mr. Priddle filed a Notice of Withdrawal of Petition for Hearing Adjudicating Verified Claim.

AND WHEREAS, no other petitions of interest or other claims or requests for an ancillary hearing with regard to the above-described currency have been filed by any person or entity within the time allowed by law.

Accordingly, it is hereby ORDERED, ADJUDGED and DECREED:

1.    That the right, title and interest to all of the aforementioned currency is hereby condemned, and forfeited to, and shall be vested in, the United States of America, and shall be disposed of by the United States Marshals Service and its property manager and/or its contractor according to law.

2.   That the United States Marshals Service is directed to pay any and all costs associated with said currency and to dispose of such according to law.

3.   The Clerk is hereby directed to send a copy of this Order to the United States Marshals Service.

SO ORDERED this 10th day of October, 2006.

/s/ H. Russel Holland
United States District Judge